Dorothy **CHAPPELL–JOHNSON,**
**Appellant**

v.

Sheila C. **BAIR, Chairman, Federal Deposit Insurance Corporation,**
**Appellee.**

No. 08–5471.

United States Court of Appeals, District of Columbia Circuit.

Dec. 22, 2009.

David H. Shapiro, Richard L. Swick, Swick & Shapiro, Washington, DC, for Appellant.

R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, Colleen Joy Boles, Lawrence Richmond, Senior Counsels, Barbara R. Sarshik, Esquire, Counsel, Federal Deposit Insurance Corporation, Arlington, VA, for Appellee.

Before: BROWN, KAVANAUGH, and WILLIAMS, Circuit Judges.

PER CURIAM.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Chappell–Johnson applied for a position as a Human Resources Specialist at the Federal Deposit Insurance Corporation and was not selected. She alleges that her non-selection was the result of discrimination based on age and sex and constituted retaliation for her filing of a prior discrimination complaint. FDIC asserts that Chappell–Johnson was not selected because none of the members of the interview panel viewed her as one of the top two candidates. Because FDIC offers a legitimate non-discriminatory reason for its hiring decision, Chappell–Johnson—in order to overcome summary judgment—must produce "sufficient evidence for a reasonable jury to find that" FDIC's "asserted non-discriminatory reason was not the actual reason" and that FDIC "intentionally discriminated against" her. *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C.Cir.2008).

Chappell–Johnson attempts to meet this burden by providing evidence suggesting that FDIC's proffered reason was merely pretext. *See George v. Leavitt*, 407 F.3d 405, 413 (D.C.Cir.2005). First, Chappell–Johnson argues that FDIC violated its own hiring procedures because the selecting official did not participate in the initial interview process. Significant departures from normal hiring procedures can constitute evidence supporting a finding of discriminatory intent, *Johnson v. Lehman*, 679 F.2d 918, 922 (D.C.Cir.1982), but FDIC guidelines state that the selecting official "should participate in the interviews"—not that she must. J.A. at 104. Second, Chappell–Johnson asserts that she was more qualified than the individual ultimately selected for the HR Specialist position. But the record does not show that Chappell–Johnson was better qualified, much less *"significantly* better qualified," for the job than the person selected, as required by our precedents. *Holcomb v. Powell*, 433 F.3d 889, 897 (D.C.Cir.2006). Third, Chappell–Johnson contends that subjective factors like communication skills were relied on in making the hiring decision. But there is no bar to considering subjective factors; moreover, oral and written communication skills were two traits specifically enumerated in the hiring announcement as being necessary to selection for the position. J.A. at 181; *see Jackson v. Gonzales*, 496 F.3d 703, 709 (D.C.Cir.2007). Fourth, in support of her retaliation claim, Chappell–Johnson points

to the fact that the selecting official was aware that she had filed a previous discrimination complaint with FDIC. But Chappell–Johnson was no longer in consideration for the position by the time that selecting official became involved. The hiring committee had already narrowed the pool to two applicants at that point and Chappell–Johnson was not one of them. Finally, Chappell–Johnson asserts that the selecting official made conflicting statements with respect to her knowledge of Chappell–Johnson's prior discrimination complaints at FDIC. But a thorough reading of the record does not reveal any material discrepancies. In short, Chappell–Johnson has not produced evidence sufficient to allow a reasonable jury to conclude that her non-selection was the product of discrimination or retaliation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(b).